UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RHYS MUSSMAN,

    Plaintiff,

    v.

D.A. DODD INC., et al.,

    Defendants.

Case No. 3:22-CV-936 JD

## OPINION AND ORDER

On October 6, 2022, Rhys Mussman filed a notice of removal of Laporte County Circuit Court, Cause No. 46C01-0707-PL-000258. Defendant D.A. Dodd, Inc., and Defendant HSBC Bank USA, National Association as Trustee of Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2004-14 ("HSBC"), then filed a motion to dismiss removal and a motion to remand, respectively. (DE 5; DE 7.) These motions argue that remand is warranted for multiple reasons: (1) failure to include a copy of the complaint in the removal notice; (2) untimely removal; and (3) failure to properly allege diversity jurisdiction. In its motion, HSBC also asks the Court to grant leave to HSBC to file a statement of fees in its remand order so that the Court may assess costs and expenses, including attorneys' fees, for Mussman's wrongful removal.[1]

The Court finds that Mussman's removal is frivolous. First, under 28 U.S.C. § 1446, a notice of removal must have "a copy of all process, pleadings, and orders served upon such

---

[1] In response to these motions, Mussman filed briefs entitled "Just Cause for Objecting to a Bar Attorney" (DE 10), "Objection to any Removal by Artificial Entities" (DE 11), and "Memorandum of Facts and Conclusion in Law" (DE 12). The Court notes that Mussman's arguments in these briefs are unclear and do not address the arguments raised by HSBC and D.A. Dodd, Inc. It appears he is arguing that these parties are corporations and, therefore, cannot represent themselves in this action. However, HSBC and D.A. Dodd are represented by counsel.

defendant or defendants in such action." Mussman fails to include a copy of any process, pleadings, or orders from the underlying state action. (DE 1.) This alone warrants remand. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) ("A defect in the removal procedure normally requires remanding a case that has been removed under section 1446(a)."); *See Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 933–34 (N.D. Ill. 2013) ("[T]he failure to attach such documents is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction.").

Nor can Mussman's failure to include a copy of the state court process, pleadings, and orders be attributed to some inconsequential oversight. The Seventh Circuit has stated that "a totally inconsequential defect in removal papers" does not "deprive the district court of jurisdiction[.]" *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011). This is not such a case. Instead, Mussman's failure to include a copy of the Complaint and summons is consequential as Mussman was served the Complaint in this case on July 23, 2007. *Id.* ("[Y]et defects in the notice that are inconsequential in the sense of incapable of misleading or otherwise harming anyone do not deprive the appellate court of jurisdiction."); (DE 5-1).

Mussman's notice of removal is clearly untimely. Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Here, D.A. Dodd, Inc., filed the public state court docket from the removed case, which reveals that Mussman was served on

July 23, 2007. (DE 5-1 at 5.) Not only is this removal more than fifteen years too late, but trial has already been held and final judgment entered. (DE 5-1 at 41.)

In addition to this removal being untimely, Mussman fails to properly allege diversity jurisdiction. Mussman's removal notice, which asserts diversity jurisdiction, fails to allege any parties' citizenship. (DE 1.) The Seventh Circuit has been clear that "a complaint may not merely allege diversity of citizenship without identifying the defendants' states of citizenship[.]" *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018). Additionally, "no case may be removed on the basis of diversity jurisdiction more than one year after commencement of the action . . . ." *Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 900 (N.D. Ill. 2004). The state court action was commenced in 2007. (DE 5-1 at 5.) Accordingly, in addition to failing to include copies of the pleadings from the removed case, and filing his removal more than fifteen years too late, Mussman has also failed to properly plead diversity jurisdiction and failed to remove this action within one year of its commencement.

Due to the errors identified above, remand is warranted. Furthermore, while a Court "should freely give leave [to amend a pleading] when justice so requires," the Court declines to do so in this instance. Rule 15(a)(2). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Amendment here would be futile because Mussman was required to file his removal notice more than fifteen years ago.

Finally, the Court addresses the issue of attorneys' fees, which HSBC raised in its motion to remand. An order remanding a removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §

1447(c). Such an award is warranted here because Mussman's removal of this state action was objectively unreasonable. The Seventh Circuit has upheld awarding costs and expenses where the removal was objectively unreasonable. *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014). Filing a notice of removal more than fifteen years after a state court action was filed and service issued makes this unreasonable. That a trial has already been held and that final judgment has already occurred underscores the unreasonableness of this removal. Attorneys' fees in such a circumstance are justified.

Accordingly, the Court grants the motion to remand (DE 7) and REMANDS this case to the LaPorte County Circuit Court for all further proceedings. The Court also denies as moot the motion to dismiss. (DE 5.) Finally, the Court will award reasonable expenses and costs to HSBC which it incurred as a result of the removal. The Court grants HSBC 14 days from the entry of this order to establish the expenses and costs it has incurred.

SO ORDERED.

ENTERED: December 7, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court